O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER/CHAPPELL MUSIC, INC., a Delaware corporation; WARNER-TAMERLANE PUBLISHING CORP., a California corporation; WB MUSIC CORP., a California corporation; UNICHAPPELL MUSIC, INC., a Delaware corporation, and RIGHTSONG MUSIC, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> RAP-A-LOT 2K RECORDS, INC. d/b/a Rap-A-Lot Records, a Texas corporation, and JAMES PRINCE, an individual, <br><br> Defendants. | Case No. CV 12-10022 DDP (JCx) <br><br> **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE TRIAL AND RELATED DATES** <br><br> [Dkt. No. 33] |

Defendants in this copyright infringement case have submitted an ex parte application to continue the trial date (set for October 28, 2014), discovery cutoff dates, and the last day to files motions. Defendants' application states that the majority of the parties' time has been dedicated to settlement negotiations, which has left inadequate time for discovery; Defendants' attorney tried

another case for two weeks in July, which left him inadequate time for discovery; to date no depositions have been taken in this case, due to disagreements detailed in the Opposition and Reply; and Defendants have recently obtained copies of licenses which might form the basis for summary judgment.

However, none of these is a sufficient reason to continue the trial at this late date.  As a general matter, counsel are required to manage their schedules in a way that allows them to complete the discovery work necessary in the time provided by the discovery schedule.  The Court has already continued discovery cutoff once (to August 1, 2014) based on a stipulation between the parties, and the Court has also allowed and ordered depositions *after* the cutoff dates.  (Dkt. Nos. 28-31.)  On July 23, 2014, parties filed an additional stipulation, proposing to move the discovery cutoff to October 10 and the last day to file motions to September 26.  The Court did not issue an order based on that stipulation, but no mention was made in that stipulation of any emergency or unavoidable conflict on the part of counsel.

Instead, many of the concerns raised in that stipulation revolved around issues of expert reports and possible motions based on depositions scheduled for August.  These concerns have been rendered moot by the fact that the parties have apparently both failed to adhere to the deposition schedule.  Defendants allege that Plaintiffs failed to make their "person most knowledgeable" ("PMK") witness available for deposition.  But although that deposition was scheduled to take place August 28, Defendants do not appear to have taken the issue up with the magistrate and waited almost four weeks to file this application with the Court.

Defendants have not been diligent in safeguarding their right to discovery. Moreover, Defendants are not entirely innocent in this discovery breakdown, as their own exhibits show that they refused to produce witnesses in apparent retaliation for Plaintiffs' refusal. (Ex. 6, Reply.)

Finally, the emergence of new evidence which might provide grounds for summary judgment is not, by itself, a reason to grant the application, given that Defendants do not attempt to show that they could not have obtained this evidence earlier.

Good cause to continue the trial date and related cutoffs not being found, the application is denied.

IT IS SO ORDERED.

Dated: September 29, 2014

DEAN D. PREGERSON
United States District Judge