O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER/CHAPPELL MUSIC, INC., a Delaware corporation; WARNER-TAMERLANE PUBLISHING CORP., a California corporation; WB MUSIC CORP., a California corporation; UNICHAPPELL MUSIC, INC., a Delaware corporation, and RIGHTSONG MUSIC, INC., a Delaware corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>RAP-A-LOT 2K RECORDS, INC. d/b/a Rap-A-Lot Records, a Texas corporation, and JAMES PRINCE, an individual,<br><br>    Defendants. | Case No. CV 12-10022 DDP (JCx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE TRIAL DATE**<br><br>[Dkt. No. 38] |

For the second time in three weeks, there is before the Court an ex parte application to continue trial in this case. The first ex parte application was submitted by the Defendants on September 22, 2014. (Dkt. No. 33.) The Court denied that application on September 29, 2014, concluding that "the parties have apparently both failed to adhere to the deposition schedule." (Dkt. No. 37.)

Two weeks later, on October 13, 2014, Plaintiff submitted this ex parte application to continue trial date. Although Plaintiff had vigorously opposed Defendants' ex parte application to continue, (Dkt. Nos. 34 & 36), Plaintiff now asks for essentially the same relief Defendant had requested.

Plaintiff explains this puzzling turnabout by asserting an unforeseen need to compel Defendants' production of certain witnesses for deposition, as well as production of certain documents. The parties submit competing declarations and exhibits, each attempting to prove that the other side is responsible for the delay in production.

The Court declines to attempt to sort out fault on an incomplete record filed in an ex parte application. The proper procedure for arguing misconduct or bad faith on the part of the opposing party is a motion to compel production, submitted to the magistrate, who oversees the discovery process. Plaintiff, though well aware of the impending trial date, and aware as of August 20 that Defendant had produced neither its first witness for deposition nor the requested documentary evidence, waited until October 15 to file motions to compel. (Dkt. Nos. 40 & 41.)[1]

Plaintiff states that it relied on representations by Defendants' counsel that Defendants would voluntarily produce the requested discovery. (Pl.'s Ex Parte Appl., § II.E.) However, it was already apparent by the time Defendants filed the first ex parte application that the goodwill between parties had broken down. In its opposition to Defendants' application, Plaintiff

---

[1] These filings have since been vacated by the Magistrate. (Dkt. No. 46.)

represented to the Court that "[d]espite Warner/Chappell's efforts, Defendants have refused to resolve the . . . dispute informally." (Dkt. No. 34 at 4:28-5:1.)  Plaintiff also stated that it would soon file motions to compel. (Id. at 5:11-14.)  It was evident at that point that the parties were no longer attempting to resolve their issues collegially.  It is also evident from the email exhibits filed with this application that the parties had been unable to do so for quite some time.  (Hinkle Decl., Ex. R; Diggs Decl., Ex. A.)

Nonetheless, rather than stipulating to continue so that motions to compel could be filed or the discovery issues could otherwise be resolved, Plaintiff argued strenuously against continuing the trial date, (id. at 8:26-9:22), as well as dates for fact discovery.  (Id. 10:3-6.)  Plaintiff could have stated non-opposition to Defendants' application at least as to continuing the trial date; it might also have offered some reasonable counter-proposal that would have allowed for filing of motions to compel.  Instead, it chose to unambiguously oppose any continuance.

Having delayed filing its motions to compel by, at best, nearly two months, and having unambiguously opposed Defendants' recent application to continue the trial date, Plaintiff cannot now come before the Court and ask for more time.

Good cause to modify the schedule not being found, the ex parte application to continue the trial date is DENIED.

IT IS SO ORDERED.

Dated: October 20, 2014

　　　　　　　　　　　　　　　　DEAN D. PREGERSON
　　　　　　　　　　　　　　　　United States District Judge